## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

SARAH KEIM,                              )
                                         )
                    Plaintiff,           )
                                         )
        vs.                              )        Case No. 23-CV-1156-JBM-JEH
                                         )
TIM ABNEY, Woodford County Animal        )
Control Administrator, in his personal and )
official capacity,                       )
                                         )
WOODFORD COUNTY, ILLINOIS, an            )
Illinois municipal corporation pursuant to )
50 ILCS 20/3(e),                         )
                                         )
JOHN KRUG, Woodford County Board         )
Chairman, in his official capacity,      )
                                         )
and                                      )
                                         )
PETERSON VET, INC., operating under the  )
assumed name "Associated Veterinary Clinic, )
Inc.,                                    )
                                         )
                    Defendants.          )

## DEFENDANT TIM ABNEY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

NOW COMES Defendant TIM ABNEY, Woodford County Animal Control Administrator, in his personal and official capacity, by and through his attorney, John P. Heil, Jr. of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for his Answer and Affirmative Defenses to the Plaintiff's Complaint, states as follows:

### ANSWER TO THE COMPLAINT

#### INTRODUCTION

1.      This suit involves the unjustified killing and beheading of a kitten ("Kiki") on

March 23, 2023, by Abney, Woodford County, and Associated.

> **ANSWER:**   Tim Abney admits that this lawsuit purports to involve Kiki, a cat that was euthanized and tested for rabies. He denies each of the remaining allegations in paragraph 1.

2.      Kiki was rescued by Keim approximately six weeks prior to killing and beheading.

> **ANSWER:**   Defendant Abney denies that the cat was rescued by Keim. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.      On March 23, 2023, Abney, empowered by Woodford County as its Animal Control Administrator, seized Kiki, taking her from her home at the Razor Zone Salon ("Razor Zone"), to Associated, telling Keim and others at the Razor Zone Kiki needed to be killed immediately.

> **ANSWER:**   Defendant Abney admits that he was employed on March 23, 2023 as the Woodford County Animal Control Administrator and that, in that capacity, he was voluntarily provided with the cat by Shannon Schreffler at the Razor Zone Salon and that he transported the cat to Associated. He denies each of the remaining allegations in paragraph 3.

4.      Abney, upon taking Kiki to Associated, lied to Associated, claiming Kiki was a stray and certifying Kiki did not bite anyone in the 10 days prior to March 23, 2023, in order to have Kiki killed and beheaded.

> **ANSWER:**   Defendant Abney admits that he transported the cat to Associated on March 23, 2023. He denies each of the remaining allegations in paragraph 4.

5.      At the time, Illinois statute required a 10-day observation of Kiki by a licensed veterinarian for any alleged bites.

> **ANSWER:**   Defendant Abney admits that a 10-day observation period exists under the

law, but denies that such an observation period was mandated in this instance and further denies each of the remaining allegations in paragraph 5.

6.     Abney and Associated conspired to kill and behead Kiki in derogation of the statutory 10-day observation period.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 6.

7.     Additionally, Abney had no qualifications to act as an Animal Control Administrator, nor was Abney a veterinarian.

**ANSWER:**    Defendant Abney admits he was not a veterinarian. Defendant Abney denies each of the remaining allegations in paragraph 7.

8.     Prior to Kiki's killing and beheading, it was well known to Woodford County that Abney was acting in a manner inconsistent with the law and dangerous to the public's animals.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 8.

9.     Woodford County failed to vet Abney when Woodford Count appointed and empowered Abney as its Animal Control Administrator and failed thereafter to train Abney regarding any aspects of the job, including 4th Amendment protections.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 9.

10.     Woodford County also maintained, for years prior to Kiki's killing and beheading, an unlawful scheme in which Abney was the Animal Control Administrator, without the required veterinarian appointed as a deputy administrator, despite being on notice of the deficiencies.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 10.

11.     Krug, whose role it was pursuant to statute and ordinance to appoint a licensed veterinarian as the animal control administrator or deputy administrator, failed to do so, which

directly resulted in Kiki's killing and beheading.

**ANSWER:**  Defendant Abney denies, upon information and belief, that any act or omission by Krug could have directly resulted in the "killing and beheading" of the cat as alleged in paragraph 11. Defendant Abney lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12.  Associated, despite being told by Abney that Kiki was being brought in for an alleged biting incident, killed and beheaded Kiki without a 10-day observation period, in derogation of Illinois Law.

**ANSWER:**  Defendant Abney admits that Associated was told that the cat was brought to its facility in association with a biting incident involving an animal without a rabies vaccination. He denies each of the remaining allegations in paragraph 12.

13.  Now, with Kiki killed and beheaded in contravention of Illinois Law, Keim has been deprived of her 4th Amendment rights, in addition to being damaged by Defendant's unlawful and tortious actions.

**ANSWER:**  Defendant Abney denies each of the allegations in paragraph 13.

14.  Keim has brought this civil rights suit pursuant to federal law, as Kiki's killing and beheading involves a federal question.

**ANSWER:**  Defendant Abney admits that certain claims in this lawsuit are brought pursuant to federal law. He denies each of the remaining allegations in paragraph 14.

### THE PARTIES

15.  At all relevant times, Kiki was a companion animal, which prior to Kiki's killing and beheading, lived at the Razor Zone in Eureka, Illinois.

**ANSWER:**  Defendant Abney admits that the Razor Zone Salon in located in Eureka,

Illinois. He further admits he was informed by the Razor Zone Salon's owner, Shannon Schreffler, that the cat was taken in as a stray and permitted to stay at the salon for a period of three or four weeks. Defendant Abney denies each of the remaining allegations of paragraph 15.

16.     At all relevant times, Keim was Kiki's owner.

**ANSWER:**     Defendant Abney denies each of the allegations in paragraph 16.

17.     At all relevant times, Abney was appointed and empowered by Woodford County as its Animal Control Administrator.

**ANSWER:**     Defendant Abney admits the allegations in paragraph 17.

18.     At no time was Abney ever a licensed veterinarian.

**ANSWER:**     Defendant Abney admits the allegations in paragraph 18.

19.     At all relevant times, Woodford County was a municipal corporation, located in Illinois.

**ANSWER:**     Defendant Abney admits the allegations in paragraph 19.

20.     At all relevant times, Krug was the Chairman of the Woodford County Board.

**ANSWER:**     Defendant Abney admits that Krug was Chairman of the Woodford County Board, but lacks information sufficient to form a belief as to the truth of the allegation that Krug served in that capacity "[a]t all relevant times" as alleged in paragraph 20.

21.     At all relevant times, Krug was empowered and required to appoint a veterinarian as Woodford County's Animal Control Administrator, or deputy administrator.

**ANSWER:**     Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Krug, with the advice and consent of the Woodford County Board, vested Abney with the authority to act on Woodford County's behalf as Woodford County's Animal Control

Administrator.

**ANSWER:** Defendant Abney admits that he possessed the authority to act on Woodford County's behalf as Woodford County's Animal Control Administrator. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. Abney was responsible directly to Krug for the performance of Abney's duties.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 23.

24. At all relevant times, Associated was a veterinarian practice located in Washington, Tazewell County, Illinois.

**ANSWER:** Defendant Abney admits the allegations in paragraph 24.

25. Associated performed the killing and beheading of Kiki.

**ANSWER:** Defendant Abney admits that Associated euthanized the cat in accordance with the established standardized protocol for rabies testing that was performed at the University of Illinois. Defendant Abney denies each of the remaining allegations in paragraph 25.

J<span style="font-variant:small-caps">URISDICTION</span>

26. This is a civil action seeking, amongst other things, damages for Defendants committing acts under color of law depriving Keim of rights secured by the Constitution and the laws of the United States.

**ANSWER:** Defendant Abney admits that the Complaint alleges certain constitutional claims. Defendant Abney denies that he violated any of Keim's constitutional rights or other rights secured by the laws of the United States, and further denies each of the remaining allegations in paragraph 26.

27. Jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the judicial code 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendant jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER:**  Defendant Abney admits that the jurisdiction of this Court is asserted by the Complaint pursuant to the statutory sections cited, but that "U.S.C. § 1367(a)" is likely intended to state "28 U.S.C. § 1367(a). He denies the applicability of any of the claims alleged against him.

28.     An actual controversy exists between the parties, and pursuant to 28 U.S.C. § 2201, this Court has the authority to grant the relief requested.

**ANSWER:**  Defendant Abney admits that an actual controversy exists between the parties, but denies the applicability of 28 U.S.C. § 2201 to this lawsuit seeking exclusively monetary damages.

## VENUE

29.     The acts and omissions alleged herein are alleged to have happened primarily in Woodford County, Illinois.

**ANSWER:**  Defendant Abney admits that certain of allegations in the Complaint were performed in Woodford County, but that other alleged acts and omissions involving Associated were performed in Tazewell County. Rabies testing at the University of Illinois, upon information and belief, took place in Champaign County.

30.     Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the actions giving rise to this claim, occurred in the Central District of Illinois.

**ANSWER:**  Defendant Abney admits the allegation in paragraph 30.

## COMMON FACTS

31.     At all relevant times, by statute and by Woodford County's own ordinance, Krug

was required to appoint a Woodford County Animal Control Administrator.

**ANSWER:**  Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.  On November, 16, 2021, with Krug as Chairman, the Woodford County Board approved a contract with Abney, by which Abney became empowered to act as Woodford County's Animal Control Administrator.

**ANSWER:**  Defendant Abney admits that he acted pursuant to contract as the Woodford County Animal Control Administrator. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.  Woodford County performed no diligence in vetting Abney, but solely chose Abney for the role based upon money.

**ANSWER:**  Defendant Abney denies each of the allegations in paragraph 33.

34.  At no time has ever been a veterinarian.

**ANSWER:**  Defendant Abney admits the allegation in paragraph 34.

35.  At no time since Abney was appointed and empowered by Woodford County, has Woodford County or Abney appointed a veterinarian as a deputy administrator.

**ANSWER:**  Defendant Abney admits that no veterinarian was appointed as deputy administrator during his tenure as Woodford County Animal Control Administrator. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36.  No veterinarian is making medical decisions for Woodford County Animal Control.

**ANSWER:**  Defendant Abney lacks information sufficient to form a belief as to the

truth of the allegation comprising paragraph 36 that no veterinarian is currently making medical decisions for Woodford County Animal Control.

37.    After appointing and empowering Abney, Woodford County provided Abney with no training regarding his duties or legal issues which foreseeably would arise in the performance of Abney's duties for Woodford County, including 4th Amendment issues.

**ANSWER:**    Defendant Abney admits the allegations in paragraph 37.

38.    After appointing and empowering Abney, Woodford County was put on notice through its State's Attorney (Woodford County's legal representative) that it was not compliant with the requirement that it appoint a veterinarian as the Animal Control Administrator or deputy administrator.

**ANSWER:**    Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.    Despite being put on notice of the legal deficiency. Woodford County took no action to become compliant with Illinois statute.

**ANSWER:**    Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.    From the time Woodford Count appointed and empowered Abney, through Kiki's killing and beheading, Woodford County never appointed a veterinarian to serves as deputy administrator.

**ANSWER:**    Defendant Abney admits that, throughout his tenure as the Woodford County Animal Control Administrator, Woodford County never appointed a veterinarian to serves as deputy administrator. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41. Prior to Kiki's killing and beheading, Woodford County was aware Abney, while exercising his governmental powers as Woodford County's Animal Control Administrator, was acting in legally dubious manners and in ways contrary to being a good public servant.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 41.

42. Specifically, Woodford County was aware of incidents, which were videoed and reviewed by Woodford County and City of Eureka officials and were determined to be indicative of Abney overreaching his authority.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 42.

43. From the time he was appointed and through the killing and beheading of Kiki, Abney used a truck marked with an official logo for Woodford County Animal Control, distributed business cards stating he was a Woodford County government official, and was contacted through Woodford County's Treasurer's office, which also performed animal control functions on behalf of Woodford County and Abney.

**ANSWER:** Defendant Abney admits that he used a truck marked as Woodford County Animal Control, that he distributed business cards stating he was the Woodford County Animal Control Administrator, and that the Treasurer's Office performed administrative functions for Woodford County Animal Control. He denies each of the remaining allegations in paragraph 43.

44. Despite knowing Abney as acting in manners which raised questions whether he possessed the temperament for the quasi-law enforcement role Woodford County hired Abney to perform, Woodford County did nothing to address the issue.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 44.

45. In approximately January 2023, Kiki was rescued by Keim.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 45.

46.     Keim adopted Kiki as a companion animal and cared for Kiki, including vetting Kiki on March 12, 2023.

**ANSWER:**   Defendant Abney denies that Keim adopted the cat as a companion animal. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46.

47.     At the March 12, 2023, appointment, Kiki's veterinarian made a medical decision to vaccinate Kiki appropriately for her age and condition and provide additional vaccinations at the next appointment, which was set for April 17, 2023.

**ANSWER:**   Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Since being rescued, Kiki lived at the Razor Salon in Eureka, where she provided emotional support for patrons during the day.

**ANSWER:**   Defendant Abney admits that the cat was allowed to stay at the Razor Salon in Eureka by its owner, but lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49.     After she was adopted as a companion animal by Keim approximately six weeks prior to the killing and beheading, Kiki was never let outside to run at large.

**ANSWER:**   Defendant Abney denies that Keim adopted the cat as a companion animal. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50.     Since being rescued, in the approximately six weeks prior to Kiki's decapitation on March 23, 2023, Kiki never exhibited any signs of rabies.

**ANSWER:**   Defendant Abney lacks information sufficient to form a belief as to the

truth of the allegations in paragraph 50.

51.     On March 23, 2023, Abney appeared at the Razor Zone regarding a bite complaint involving Kiki.

**ANSWER:**     Defendant Abney admits the allegations in paragraph 51.

52.     Prior to going to Razor Zone, Abney spoke with a Woodford County Deputy Sheriff, Jay Schreffler ("Jay"), whose spouse, Shannon, owned the Razor Zone.

**ANSWER:**     Defendant Abney admits the allegations in paragraph 52.

53.     Abney told Jay Kiki "viciously attacked" a person and that Abney was going to the Razor Zone to take Kiki to be euthanized.

**ANSWER:**     Defendant Abney denies the allegations in paragraph 53.

54.     When Abney arrived at the Razor Zone, he was provided Kiki's vet paperwork showing Kiki's vaccinations completed on March 12 and the follow up scheduled for April 17, 2023.

**ANSWER:**     Defendant Abney admits that Shannon Schreffler showed him a vaccination report indicating the cat was not vaccinated for rabies. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54.

55.     Tragically, Kiki never made it to the April 17 appointment because of Abney's actions.

**ANSWER:**     Defendant Abney lacks information sufficient to form a belief as to the truth of the allegation that someone arranged an April 17 veterinarian appointment for the cat. He denies each of the remaining allegations in paragraph 55.

56.     Abney told Shannon, Keim, and another Razor Zone employee, Hannah, that Kiki was "gone" while running his finger in front of his throat in a "cut throat" gesture-indicating

Abney intended to kill Kiki.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 56.

57.   Abney told Shannon, Keim, and Hannah he was taking Kiki to University of Illinois ("U of I") to be killed and tested because the alleged bite victim could die.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 57.

58.   Abney claimed he had "run this by" Woodford County's State's Attorney, Greg Minger, and that he was following procedure.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 58.

59.   Instead of taking Kiki to U of I, Abney took Kiki to Associated instead.

**ANSWER:**   Defendant Abney admits that he transported the cat to Associated. He denies that the cat was transported to Associated instead of the University of Illinois. Answering further, Defendant Abney states that the cat's brain was tested for the presence of rabies at the University of Illinois. Defendant Abney denies any remaining allegations in paragraph 59.

60.   Despite claiming Kiki "viciously" attacked someone and that Kiki needed to be immediately killed and beheaded, Abney drove Kiki to Associated in the cab of his truck, unrestrained and unkenneled.

**ANSWER:**   Defendant Abney admits that he transported the cat to Associated, but denies each of the remaining allegations in paragraph 60.

61.   Abney arrived at Associated the same day and told Associated Kiki was a "stray" and told Associated to kill and behead Kiki.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 61.

62.   Associated required Abney to complete a "Euthanasia Authorization" form on March 23, 2023.

**ANSWER:** Defendant Abney admits the allegation in paragraph 62.

63. The form corroborated that Abney told Associated Kiki was a stray as Kiki's name was listed as "Stray 2."

**ANSWER:** Defendant Abney admits that the Euthanasia Authorization form identified that cat's name as "Stray 2." He denies each of the remaining allegations in paragraph 63.

64. Abney certified that he was Kiki's owner and that "to the best of (Abney's) knowledge, Stray 2 (Kiki) has not bitten any person or animal during the last 10 days and has not been exposed to rabies."

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 64.

65. Abney's certification was a lie.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 65.

66. Associated knew Abney's certification was a lie.

**ANSWER:** Defendant Abney denies each of the allegations in paragraph 66.

67. Associated completed an IDPH Animal Rabies Laboratory Submission Form by which Associated represented Kiki was owned by Woodford County Animal Control and that Kiki's head was being submitted because Kiki committed an "Unprovoked bite from pet, after approval from local health department."

**ANSWER:** Defendant Abney admits that Associated completed an IDPH Animal Rabies Laboratory Submission Form stating that the "Lab Submission Reason" was "Unprovoked bite from pet, after approval from local health department." Defendant Abney denies each of the remaining allegations in paragraph 67.

68. Associated's lab submission was a lie.

**ANSWER:** Defendant Abney denies the allegation in paragraph 68.

69.     Shortly after having Kiki killed and beheaded, Abney returned to Razor Zone.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 69.

70.     Abney told Keim that he took Kiki "all the way to Champaign" and that Kiki hid under his truck seat the entire drive.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 70.

71.     Abney then claimed he needed a check to cover an antibiotic cost for the alleged bite victim.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 71.

72.     When asked whether the alleged victim would sign a release, Abney claimed "she won't sign, but this will be the last you hear from her."

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 72.

73.     On March 24, 2023, Keim, unsettled by the ordeal, called U of I and discovered Abney did not take Kiki there as he claimed.

**ANSWER:**   Defendant Abney denies he told anyone he took the cat to U of I. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.

74.     Keim then called Woodford County for a copy of the bite report, which was not filed.

**ANSWER:**   Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Abney returned to the Razor Zone and told Shannon he would not provide any documents without a FOIA, but admitted he took Kiki to Associated and that the testing was negative.

**ANSWER:**   Defendant Abney admits he informed Shannon that he transported the cat to Associated and that testing performed at the University of Illinois was negative for the presence of rabies. He denies each of the remaining allegations in paragraph 75.

76.   Keim then sent a text to Abney for the bite report, photographs from the alleged victim, and paperwork for her insurance claim-Abney never responded.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 76.

77.   Keim called the Woodford County State's Attorney who told Keim there was no knowledge in the office of anything about a bite, or Kiki's killing.

**ANSWER:**   Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.   Later in the day, on March 24, Keim went to State's Attorneys' office and the Assistant State's Attorney for Woodford County told Keim that Abney alleged Keim was "on board with this."

**ANSWER:**   Defendant Abney denies representing to anyone at the State's Attorney's Office that Keim was "on board" anything. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78.

79.   Abney's statement was false.

**ANSWER:**   Defendant Abney denies the allegation in paragraph 79.

80.   Keim called Associated and spoke to Mary Beth, then followed up in person at Associated.

**ANSWER:**   Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.   Mary Beth confirmed that Abney told Associated Kiki was a stray and

apologized, admitting, that if Associated knew Kiki was vetted and living in the Razor Zone as a companion animal, Kiki would not have been killed.

**ANSWER:**  Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.  Kiki's killing and beheading was investigated by the Eureka Police Department.

**ANSWER:**  Defendant Abney admits the allegation in paragraph 82.

83.  Eureka Assistant Police Chief Kim Jones investigated, prepared a report, and forwarded the case to Woodford County's State's Attorney for further review of possible charges.

**ANSWER:**  Defendant Abney admits that Assistant Chief Jones investigated the matter and prepared a report. He lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83.

84.  Woodford County's State's Attorney has not brought any charges and Abney is still appointed and empowered by Woodford County as its Animal Control Administrator, without any veterinarian appointed as a deputy.

**ANSWER:**  Defendant Abney admits that the State's Attorney has not brought any charges against him. He denies each of the remaining allegations in paragraph 84.

### COUNT I-42 U.S.C. § 1983-ILLEGAL SEARCH
### (Abney and Woodford County)

85.  Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:**  Defendant Abney incorporates each of his foregoing answers to the Complaint as if fully restated as his answer to this paragraph 85.

86.  At all times relevant, Abney was a government agent acting under the color of law.

**ANSWER:**    Defendant Abney admits the allegation in paragraph 86.

87.    At all times relevant, Abney was empowered by Woodford County to act as Woodford County's Animal Control Administrator.

**ANSWER:**    Defendant Abney admits the allegation in paragraph 87.

88.    The search of Keim's property performed willfully and wantonly under the color of law by Abney and Woodford County, as detailed above, was in violation of Keim's right to be free form unreasonable searches under the 4th Amendment to the Constitution of the United States and 42 U.S.C § 1983.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 88.

89.    As a proximate result of the above-detailed actions of Abney and Woodford County, Keim was injured, including deprivation of her liberty and the taking of her property. In addition, the violations caused mental anguish and Keim to incur various expenses, including attorney fees, all to Keim's detriment and damage.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 89.

90.    Keim prays for judgment against these Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any other relief the Court deems just and proper.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 90, including the applicability and appropriateness of all of the damages and other relief sought.

WHEREFORE, Defendant TIM ABNEY prays that judgment be entered in his favor and against the Plaintiff, SARAH KEIM, and that he recover his costs and attorneys' fees for defending this meritless action, as well as such other and further relief as the Court deems appropriate.

18

### COUNT II-42 U.S.C. § 1983-ILLEGAL SEIZURE AND DUE PROCESS VIOLATION
### (Abney, Woodford County, and Associated)

91.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:**   Defendant Abney incorporates each of his foregoing answers to the Complaint as if fully restated as his answer to this paragraph 91.

92.     At all times, relevant, Associated was acting on Abney's direction to kill and behead Kiki.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 92.

93.     Associated, by taking Abney's direction, was performing the public function of Woodford County Animal Control-specifically, the destruction of animals which were strays.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 93.

94.     Abney coerced and significantly encouraged Associated to kill and behead Kiki at Abney's behest by telling Associated Kiki was a stray and needed to be tested for rabies.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 94.

95.     Associated and Abney were in a position to interdependence in killing and beheading Kiki such that Associated and Abney were joint participants in the enterprise as Abney was not a veterinarian and needed a veterinarian to kill and behead Kiki.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 95.

96.     Instead of observing Kiki for 10 days as required by statue, Abney and Associated killed and beheaded Kiki within hours of Abney's first governmental action.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 96.

97.     The summary destruction of Kiki occurred without due process, despite Abney knowing Kiki was a companion animal and not a stray.

**ANSWER:**   Defendant Abney denies each of the allegations in paragraph 97.

98.     The seizure of Keim's property performed willfully and wantonly under the color of law by Abney, Woodford County, and Associate, as detailed above, was in violation of Keim's right to be free from unreasonable seizures under the 4th Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 98.

99.     As a proximate result of the above-detailed actions of Abney, Woodford County and Associated, Keim was injured including deprivation of her liberty and the taking of her property. In addition, the violations caused mental anguish and Keim to incur various expenses, including attorney fees, all to Keim's detriment and damage.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 99.

100.    Keim prays for judgment against these Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any other relief the Court deems just and proper.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 100, including the applicability and appropriateness of all of the damages and other relief sought.

WHEREFORE, Defendant TIM ABNEY prays that judgment be entered in his favor and against the Plaintiff, SARAH KEIM, and that he recover his costs and attorneys' fees for defending this meritless action, as well as such other and further relief as the Court deems appropriate.

### COUNT III-42 U.S.C. § 1983-*MONELL* LIABILITY
### (Krug and Woodford County)

This Count is not directed at Defendant Abney and he provides no response. To the extent a response is required, he denies each of the allegations in Count III.

**COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(STATE CLAIM)**
**(Abney and Woodford County)**

115.    Plaintiff realleges the foregoing paragraphs as if fully set forth therein.

**ANSWER:**    Defendant Abney incorporates each of his foregoing answers to the Complaint as if fully restated as his answer to this paragraph 115.

116.    Abney, acting as Woodford County's Animal Control Administrator, engaged in extreme and outrageous conduct, as herein described.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 116.

117.    Abney recklessly or consciously disregarded the probability of causing emotional distress through his conduct.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 117.

118.    Keim, as well as others involved in Kiki's life, have suffered severe emotional distress due to Abney's conduct.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 118.

119.    Keim has sought medical treatment and medications as a result of Abney's conduct.

**ANSWER:**    Defendant Abney lacks information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    Keim prays for judgment against these Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any other relief the Court deems just and proper.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 120, including the applicability and appropriateness of all of the damages and other relief sought.

WHEREFORE, Defendant TIM ABNEY prays that judgment be entered in his favor and

21

against the Plaintiff, SARAH KEIM, and that he recover his costs and attorneys' fees for defending this meritless action, as well as such other and further relief as the Court deems appropriate.

## COUNT V-TRESPASS TO CHATTEL (STATE CLAIM)
### (Abney and Woodford County)

121.    Plaintiff alleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:**    Defendant Abney incorporates each of his foregoing answers to the Complaint as if fully restated as his answer to this paragraph 121.

122.    Abney and Woodford County's exercise of authority over Kiki, by killing and beheading Kiki, rather than having Kiki observed for the statutory 10-day period was unlawful.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 122.

123.    Abney and Woodford County's falsification of Associated's consent form for the purpose of getting Associated to destroy Kiki was unlawful.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 123.

124.    Keim prays for judgment against these Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any other relief the Court deems just and proper.

**ANSWER:**    Defendant Abney denies each of the allegations in paragraph 124, including the applicability and appropriateness of all of the damages and other relief sought.

WHEREFORE, Defendant TIM ABNEY prays that judgment be entered in his favor and against the Plaintiff, SARAH KEIM, and that he recover his costs and attorneys' fees for defending this meritless action, as well as such other and further relief as the Court deems appropriate.

## COUNT VI-*RESPONDEAT SUPERIOR* (STATE CLAIM)
### (Woodford County)

This Count is not directed at Defendant Abney and he provides no response. To the extent a response is required, he denies each of the allegations in Count VI.

## COUNT VII-745 ILCS 10/9-102 INDEMNIFICATION (STATE CLAIM)
### (Woodford County)

This Count is not directed at Defendant Abney and he provides no response. To the extent a response is required, he denies each of the allegations in Count VII.

## COUNT VIII-NEGLIGENCE (STATE CLAIM)
### (Associated)

This Count is not directed at Defendant Abney and he provides no response. To the extent a response is required, he denies each of the allegations in Count VIII.

## AFFIRMATIVE DEFENSES

1.      The Complaint alleges that Defendant Abney, as the duly appointed Woodford County Animal Control Administrator, at all relevant times acted under color of state law. He is, therefore, entitled to qualified immunity from the Plaintiff's federal constitutional claims.

2.      Defendant Abney, as the duly appointed Woodford County Animal Control Administrator throughout the relevant period, is entitled to public official immunity from the Plaintiff's state law claims.

3.      Defendant Abney is entitled to immunity from the Plaintiff's state law claims in accordance with section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202, because his actions were performed in the execution of state law and did not constitute willful and wanton conduct.

4.      Defendant Abney is immune from the imposition of punitive damages against him

through the Plaintiff's state law claims in accordance with section 2-102 of the Illinois Local

Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-102.

TIM ABNEY, Woodford County Animal Control
Administrator, in his personal and official capacity

By:      s/ John P. Heil, Jr.
                John P. Heil, Jr. #6237286

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd.
P.O. Box 6199
Peoria, IL 61602
309.676.0400 Phone
309.420.0402 Fax
Email: jheil@heylroyster.com
Secondary Email: peoecf@heylroyster.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2023, I caused to be electronically filed the foregoing Answer and Affirmative Defenses to the Complaint with the Clerk of the Court using the CM/ECF system which sent notification to all CM/ECF users.

Jason William Jording
JAMES KELLY LAW FIRM, PC
7817 N. Knoxville Ave.
Peoria, IL 61614
jasonj@jameskellylawfirm.com
*Attorney for Plaintiff, Sarah Keim*

Joseph N. Rupcich
Bradley James Taylor
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
jrupcich@cassiday.com
bjtaylor@cassiday.com
*Attorneys for Defendant, Peterson Vet Inc.*

Joseph D. Bracey, Jr.
IFMK LAW, LTD.
650 Dundee Road, Suite 475
Northbrook, IL 60062
jbracey@ifmklaw.com
*Attorney for Defendants, Woodford County, John Krug*

<u>s/ John P. Heil, Jr.</u>

39604-1 / 43136033_1